{¶ 35} While I agree with the majority in part, I cannot agree that the State produced insufficient evidence to support the aggravated burglary convictions of both defendants.
 {¶ 36} First, I believe there is no question that kicking a hole in a door is sufficient to meet the trespass requirement for aggravated burglary.
 "Surely kicking in the door to a home invades the possessory interests in that home! Admittedly, the door is doing what a door is supposed to do, but it is doing so under the control of an invader, not the householder. Moreover, kicking in a door creates some of the same dangers to personal safety that are created in the usual burglary situation-the occupants are likely to react to the invasion with anger, panic, and violence." People v. Calderon (2007), 158 Cal.App.4th 137, 145.
"[S]imple passage by any part of the body over the door's threshold can amount to entry[.] * * * [A] `kick' to open the door is sufficient to establish entry." State v. Peterson (1994), 881 P.2d 965, 969. Herein, the evidence established that a one *Page 16 
foot by one foot hole was kicked in the door. The State, therefore, presented sufficient evidence of the trespass element of aggravated burglary.
 {¶ 37} While I agree with the majority that the State failed to produce evidence regarding which brother kicked the door, I do not believe that this failure warrants reversal of the aggravated burglary convictions.
 "[A] defendant charged with an offense may be convicted of that offense upon proof that he was complicit in its commission, even though the indictment is stated in terms of the principal offense and does not mention complicity. R.C. 2923.03(F) adequately notifies defendants that the jury may be instructed on complicity, even when the charge is drawn in terms of the principal offense." (Quotations and alterations omitted.) State v. Herring (2002), 94 Ohio St.3d 246, 251.
Specifically, R.C. 2923.03(F) provides that "[a] charge of complicity may be stated in terms of this section, or in terms of the principal offense."
 {¶ 38} In a bench trial, a trial court judge is presumed to know the applicable law and apply it accordingly. Walczak v. Walczak, 5th Dist. No. 2003CA00298, 2004-Ohio-3370, at ¶ 22. Moreover, this Court has previously held as follows when a trial court failed to reference complicity in its journal entry.
 "It was not necessary that the court mention aiding and abetting in its entry. One who is guilty of complicity shall be prosecuted and punished as a principal offender. The state may charge and try an aider and abetter as a principal and if the evidence at trial indicates aiding and abetting rather than the principal offense, a jury instruction regarding complicity may be given. Since this was a bench trial, no such instruction was necessary." (Internal citations omitted.) In re Bickley (June 23, 1993), 9th Dist. No. 15974. *Page 17 
Consequently, a finding by this Court that the brothers were complicit in the commission of aggravated burglary is sufficient to uphold their convictions.
 {¶ 39} Upon review of the evidence relied on by the majority, the State presented sufficient evidence that both brothers were complicit in the commission of aggravated burglary. One brother kicked a hole in the door and then brandished a firearm. During this time, the other brother stood next to the door, also holding a firearm. As such, the evidence presented demonstrates that both brothers were complicit in committing the crime. Furthermore, "[i]t is no defense to a charge under this section that no person with whom the accused was in complicity has been convicted as a principal offender." R.C. 2923.03(B). Therefore, the trial court was permitted to convict both brothers under a theory of complicity. Consequently, I would affirm both brothers' convictions for aggravated burglary. *Page 1